UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASMINE PENNIX,

        Plaintiffs,

v.                                                       Case No. 17-CV-0326

MILWAUKEE PUBLIC SCHOOLS,
Darienne Driver, MPS SUPERINTENDENT
Eduardo Negron, Director, Department of School Safety, MPS
Sandra Peterson, PRINCIPAL, Bayview High School,

        Defendants.

BRIEF IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM AS TO
DEFENDANTS DRIVER, NEGRON, AND PETERSON

        To state a cognizable claim, a plaintiff need not provide "detailed factual allegations" but must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

        The only reference to any of the individual defendants in the body of the complaint containing the factual allegations supporting plaintiff's claims is as follows: "That [plaintiff] was arrested on or about April 20, 2016 and as he was being escorted out of the building, Defendant, Sandra Peterson handed him a notice of Disciplinary Hearing then scheduled to be held on April

25, 2016." ECF No. 20, Compl. ¶ 18. The sole allegation above in relation to Peterson is insufficient to form the basis of a claim against her. There is no further reference to Peterson, and no reference whatsoever to Driver or Negron.

At minimum, a "complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). Plaintiff's complaint fails to state a claim against the individual defendants because it does not give them fair notice of what his claims against them are or the grounds upon which they rest. *See Twombly*, 550 U.S. at 555.

Plaintiff does make formulaic references to the individual defendants in the claims section of his complaint, utilizing a 'kitchen sink approach' to pleading (ECF No. 20 ¶¶ 59-68; 78-85; 96, 98; 105 (6th, 10th, 13th, and 14th claims for relief)); however, merely parroting the statutory language of a claim is insufficient to survive judgment on the pleadings, because "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The facts in the instant complaint allow nothing more than speculation regarding plaintiff's entitlement to relief and leave the individual defendants guessing as to what acts they are alleged to have committed (or failed to have committed) or how they otherwise personally relate to plaintiff's claims. The individual defendants respectfully move this Court to dismiss the complaint against them.

Dated and signed at Milwaukee, Wisconsin 27 day of December, 2017.

GRANT F. LANGLEY
City Attorney

s/ ROBIN A. PEDERSON
Assistant City Attorney

2

State Bar No. 01045759
Attorneys for Defendants
Milwaukee City Attorney's Office
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: rpederson@milwaukee.gov

1034-2017-821:245814