# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JASMINE PENNIX,<br><br>                Plaintiff,<br><br>v.<br><br>MILWAUKEE PUBLIC SCHOOLS,<br><br>                Defendant. | Case No. 17-CV-326-JPS<br><br>**ORDER** |

      Plaintiff alleges violations of his civil and constitutional rights, as well as various Wisconsin state laws, in connection with his termination by the defendant, Milwaukee Public Schools ("MPS"). (Docket #17). On April 5, 2019, following Plaintiff's motion for recusal of Judge Lynn Adelman, the case was referred to this branch of court for disposition. (Docket #42, #52). On April 8, 2019, Defendant submitted a motion for summary judgment. (Docket #43). Plaintiff did not respond to the motion or to the statement of facts, nor did Plaintiff submit his own statement of facts or any other evidence to demonstrate an issue of fact. *See* (Docket #53). Accordingly, the Court will treat Defendant's statement of facts as undisputed for the purpose of their motion. Fed. R. Civ. P. 56(e)(2); Civ. L.R. 56(b)(4). For the reasons stated below, the motion for summary judgment will be granted, and the case will be dismissed.

1. **STANDARD OF REVIEW**

      Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir.

2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

## 2. RELEVANT FACTS

Plaintiff was an educational assistant at Bay View High School ("BVHS"), which is part of Milwaukee Public Schools in Milwaukee, Wisconsin. Before the events giving rise to this action occurred, Plaintiff had been placed on probation to monitor his performance. On April 20, 2016, Plaintiff got into a fight with one of his students. Another student took a video of the fight. The video depicts Plaintiff grabbing the student, throwing the student across the classroom, then taking him to the ground, grabbing his neck, and using profanity.

That same day, after the video leaked, Plaintiff was arrested by the Milwaukee Police Department. As he was being arrested, he received a suspension letter that had been prepared by the Regional Superintendent for MPS high schools, who had seen the video and wished to initiate a personnel investigation. A report was prepared shortly thereafter by the BVHS principal and the Regional Director of School Support, which detailed Plaintiff's conduct and performance issues. The human resources office of the Milwaukee Board of School Directors then drafted a termination letter, which was sent to Plaintiff along with the report.

3.  **ANALYSIS**

Plaintiff filed suit under 28 U.S.C. §§ 1981, 1983, and Title VII of the Civil Rights Act of 1964, claiming that he was unlawfully terminated on the basis of his race, gender, and sex; that he was discriminated against on the basis of his race; and that MPS had a host of unconstitutional policies. He also claimed that his termination gave rise to tort claims of intentional and negligent infliction of emotional distress, and negligence *per se*.

The uncontested facts demonstrate that Plaintiff was an underperforming teacher's assistant who was ultimately terminated for beating up a student. The facts do not even begin to suggest that Plaintiff's constitutional rights were implicated, much less that MPS acted with negligence or otherwise violated Plaintiff's rights during the course of this event.

Moreover, Plaintiff has failed to oppose the motion for summary judgment. "Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civ. L.R. 7(d). Given the lack of any issue of material fact and Plaintiff's own failure to oppose the Defendant's motion for summary judgment, the Court is obliged to grant the motion and dismiss the case with prejudice.

4.  **CONCLUSION**

For the reasons explained above, this case must be dismissed. Not only do the undisputed facts fail to raise even the specter of Defendant's liability for constitutional rights violations or tortious conduct, but Plaintiff's own failure to respond to the motion provides sufficient basis for the Court to grant it.

Accordingly,

**IT IS ORDERED** that Defendant Milwaukee Public Schools' motion for summary judgment (Docket #43) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge